J. K. RISHEL FURNITURE CO., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 11113.   Promulgated November 25, 1927.

*Paul E. Shorb, Esq., M. P. Wormhoudt, Esq.,* and *H. C. Anderson, C. P. A.,* for the petitioner.
*P. J. Rose, Esq.,* for the respondent.

OPINION.

LITTLETON: The question whether the petitioner and the Rishell Phonograph Co. were affiliated for the years 1919 and 1920 was before the Board and the action of the Commissioner in denying an affiliated status was sustained. *Rishell Phonograph Co.*, 2 B. T. A. 229. It does not necessarily follow however that an affiliated status fixed for one or more years will continue for the succeeding year or years for the reason that " affiliation is a statutory status, which is determinable separately for each year, and the failure of a taxpayer to establish for one year the facts prescribed by the statute can not operate to prevent a full presentation of the facts for a subsequent year." *Canyon Lumber Co.*, 4 B. T. A. 940.

In deciding against an affiliated status for the prior years, the Board said:

In the case at bar three men holding directly 61.57 per cent of the stock of the furniture company held directly 75 per cent of the stock of the phonograph company. Indirectly through the holdings of the former company in the latter, they owned an additional 15.39 per cent of the stock of the phonograph company and through their majority control of the furniture company they were in a position to vote all of the stock of the phonograph company. Their respective proportionate holdings in the two companies varied somewhat. Whether or not this variation is sufficient to justify the conclusion that their stock in the two corporations was controlled by the *same interests* is a question into which it is not necessary for us to go, for the reason that we are not convinced that they can be said to control *substantially all* the stock of both companies. That they controlled substantially all the stock of the phonograph company may be conceded for the purpose of argument, but we are not satisfied that in controlling 61.57 per cent of the stock of the furniture company they controlled *substantially all* of such stock. Much was stated in argument to the effect that the minority stockholders of the furniture company were friends and relatives of the majority stockholders, and that their stock was therefore controlled by the majority stockholders. *But there is no real evidence in the record demonstrating any such control.* The mere fact of relationship by blood or affinity does not of itself constitute proof of control, and the same may be said of friendship. To our minds 61.57 per cent of the stock of the phonograph company can not, in the light of all the circumstances of this case, be held to constitute substantially all of the stock, whether or not such a percentage in other circumstances might be held to be substantially all. The claim of the taxpayer for affiliation with the J. K. Rishel Furniture Company must be rejected and the determination of the Commissioner approved. (Italics supplied.)

Substantially the same conditions as to stock ownership exist in this proceeding as existed in the proceeding for the prior years; in fact, minority stockholders are slightly greater for 1921 than they were for 1919 and 1920. Additional evidence, however, has been

presented in the instant proceeding with respect to the conditions surrounding the early history of the petitioner, and the general relationship existing between the majority and minority stockholders.

In the decision on the appeal for the prior year, reference was made to the argument advanced "that the minority stockholders of the furniture company were friends and relatives of the majority stockholders, and that their stock was, therefore, controlled by the majority stockholders." We said, however, that there was "no real evidence in the record demonstrating any such control." Much of the evidence in the instant proceeding was introduced for the purpose of demonstrating the control referred to in the prior proceeding. While this evidence shows lack of interference on the part of the minority in the management of the petitioner and full confidence and satisfaction on the part of the minority in the acts of the majority, there was nothing shown which demonstrated real control, whether legal or actual. The most that can be said is that there was a quiescent minority which was satisfied with, and did not interfere in, the management of the petitioner, but this is far from saying that there was actual control by the majority of the minority stockholders. See *Isse Koch & Co.*, 1 B. T. A. 624. In *Canyon Lumber Co.*, 1 B. T. A. 473, the Board said that the control "referred to in the statute, whether it be legal or otherwise, means control of the voting rights of stock." We are not convinced that there was control in the foregoing sense in this instance. The facts that stockholders would have given proxies to the majority to vote their stock, had such request been made; that the minority stockholders were friendly to the majority; that at the time the minority purchased their stock, there was some sort of oral understanding that the majority would be given an opportunity to buy stock which the minority might desire to sell, and other similar circumstances are not sufficient to convince us that the control of the voting rights of stock contemplated by the statute existed in this case.

Petitioner argues that by virtue of its holdings of 25 per cent of the stock of the Phonograph Company, there was, therefore, ownership by all of its stockholders of stock in the Phonograph Company and that when this stock ownership is considered there will be found to exist a complete ownership of the stock of the two companies by the same individuals. The answer to this contention is that ownership by a corporation is not ownership by the stockholders of the corporation. The corporation exists separate and apart from the stockholders, the assets of the corporation, among which in this instance was certain stock of the Phonograph Company, being owned by the corporation and the stockholders merely possessing and exercising certain rights through the corporation.

In view of the foregoing and from a consideration of the entire record the action of the Commissioner in declining to compute the income and invested capital of the petitioner and the Phonograph Company upon the basis of a consolidated return is sustained.

Reviewed by the Board.

*Judgment will be entered for the respondent.*